Ryan P. Ruggerello (#216633)
Kristan L. Ruggerello (#216641)
RUGGERELLO LAW GROUP L.L.P.
19800 MacArthur Blvd., Ste. 650
Irvine, California 92612
Telephone: (949) 293-7689
Ryan@RuggerelloLaw.com

Attorneys for Defendant,
Subaru of America, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI C. BAISDEN, an individual, and LLOYD DARDEN JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SUBARU OF AMERICA, INC., a New Jersey Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO:<br><br>[Removal from Superior Court of California, County of Riverside Case No. CVRI2201246]<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1332(a)(1) (DIVERSITY JURISDICTION)**<br><br>Date of Filing: March 29, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Subaru of America, Inc., ("SOA") removes the above-titled action from the Superior Court of the State of California for the County of Riverside ("State Court"), where the above-titled action was filed, to the United States District Court for the Central District of California, Eastern Division.

///

**Notice of Removal**

In support of this Notice, SOA alleges as follows:

## TIMELINESS OF REMOVAL

On or about March 29, 2022, Plaintiffs Kristi c. Baisden and Lloyd Darden, Jr. ("Plaintiffs") commenced an action in the State Court by filing a Complaint entitled *Kristi C. Baisden, an individual, and Lloyd Darden Jr., an individual vs. Subaru of America, Inc., a New Jersey Corporation, and DOES 1 through 10, inclusive,* County of Riverside Superior Court Case No. CVRI2201246 (the "Action"). The Complaint alleged the following purported causes of action: Breach of Express Warranty [Violation of Song-Beverly Act]; Breach of Implied Warranty [Violation of Song-Beverly Act]; and, Violation Of The Song-Beverly Act Section 1793.2(b). (A true and correct copy of the Summons and Complaint ("Complaint") is attached as Exhibit A to the concurrently filed Declaration of Kristan Ruggerello ("Ruggerello Decl.").)

On November 14, 2022, Plaintiffs provided responses to Defendant's Special Interrogatories, identifying their domicile in Riverside, California, and alleging they are seeking to recover $206,334.90, exclusive of attorneys' fees and costs.[1]  (True and correct copies of Plaintiffs' Second Amended Responses to Special Interrogatories are attached as Exhibits B and C to the Ruggerello Decl. filed currently herewith.)

Plaintiffs and Defendant are citizens of different states and the amount of controversy exceeds $75,000. Accordingly, this Notice of Removal is applicable due to diversity pursuant to 28 U.S.C. §1446(b).

## VENUE

Venue lies in the Central District pursuant to 28 U.S.C. §§ 1441(a) and 84(c)(3). This action was originally brought in the Superior Court of the State of California, County of Riverside.

---

[1] Plaintiffs' responses served on November 14, 2022 were unverified. Plaintiffs provided verifications to their responses on December 12, 2022. See Exhibit D – Email forwarding executed verifications and production of documents.

- 2 -

**Notice of Removal**

# DIVERSITY JURISDICTION

This is a civil action over which this Court has original jurisdiction, and one in which SOA may remove pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 1441(a) to this Court, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states as described further below.

## A.   Diversity of Citizenship

The Complaint and Plaintiffs' verified responses to Special Interrogatories satisfy the jurisdictional diversity requirement of U.S.C. § 1332(a), which requires that plaintiffs be a citizen from a different state than the defendant.

### 1.   Defendant SOA's Citizenship

At the time of commencement of the Action and at the time of removal, Defendant SOA was, and still is, a corporation organized and existing under the laws of the State of New Jersey. (Ruggerello Decl., ¶ 6 Ex. E.) In addition, SOA's principal place of business was, and still is, the State of New Jersey.[2] (Ruggerello Decl., ¶ 6 Ex. E.) As a corporation, SOA's citizenship under 28 U.S.C. § 1332(c)(1) is that of "any State by which it has been incorporated and of the State where it has its principal place of business." This Court can take judicial notice of these facts. *See* Excerpt from SOA's Articles of Incorporation, New Jersey Business Gateway Status Report, and New Jersey Change of Registered Agent Certificate, Ruggerello Decl., Ex. E; *see also* Fed. R. Evid. 9 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

---

[2] The term "principal place of business" in the Federal diversity jurisdiction statute refers to the "nerve center" of the corporation, which has been defined as "the place where a corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). In practice, the principal place of business should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination and not simply an office where the corporation holds its board meetings. *Id.*

Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), SOA is a citizen of New Jersey.

### 2. Plaintiff's Citizenship

At the time of commencement of the Action and at the time of removal, Plaintiffs were, and still are, citizens and residents of California based on their verified responses to discovery. (Exs. B and C to Ruggerello Decl. - Responses to Special Interrogatories, pgs. 9:11-23.)

Therefore, for the reasons stated above, the diversity requirements of Section 1332(a) are met where Plaintiffs are a citizen of California and SOA is a citizen of New Jersey.

### B. Amount in Controversy Exceeds $75,000

Plaintiffs' Complaint prays for general, special and actual damages according to proof at trial; rescission of the purchase contract and restitution of all monies expended; diminution in value; incidental and consequential damages according to proof at trial; civil penalty in the amount of two times Plaintiffs' actual damages; prejudgment interest at the legal rate; reasonable attorney's fees and costs and expenses of suit; and, other and further relief as the Court deems just and proper under the circumstances. (Complaint, Prayer for Relief; Ruggerello Decl., at ¶ 2) Plaintiffs' second amended responses to special interrogatories allege damages in the amount of $206,334.90, exclusive of attorneys' fees and costs. (Exhibits B, C & D - Second Amended Responses to Special Interrogatories, p. 12:11-19; Ruggerello Decl., at ¶¶ 4 and 5.) See *Galt G/S v. JSS Scandinavia,* (1998) 142 F.3d 1150, 1156. Thus, it is facially apparent that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in 29 U.S.C. § 1332(a). (Second Amended Responses to Special Interrogatories, p. 12:11-19; Ruggerello Decl., at ¶¶ 4 and 5.)

## CONCLUSION

Based on the foregoing, this Court has jurisdiction over the Action under the provisions of 28 U.S.C. § 1332(a)(1), in that this Action involves a controversy which exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

## NOTICE TO STATE COURT

A true and correct copy of this Notice of Removal has been served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California, County of Riverside, as required by law.

Dated: December 14, 2022  Ruggerello Law Group L.L.P.

By: */s/ Ryan P. Ruggerello*
 Ryan P. Ruggerello
 Kristan L. Ruggerello
 Attorneys for Defendant, Subaru of America, Inc.

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the action; my address is 19800 MacArthur Blvd., Ste. 650, Irvine, California 92612.

On December 14, 2022, I caused to be served, in the manner indicated below, the document described as **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1332(a)(1) (DIVERSITY JURISDICTION)** addressed as follows:

**Plaintiffs' Counsel:**
Michael H. Rosenstein
mhr@calattorneys.com
Sepehr Daghighian
sd@calattorneys.com
eservice@calattorneys.com
California Consumer Attorneys, P.C
10866 Wilshire Blvd., Suite 1200
Los Angeles, California 90024
Telephone: (310) 872-2600

☒ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail in California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to.

☒ By electronic mail: By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct. Executed on December 14, 2022, in California.

*Julie A. Goerlinger*
Julie A. Goerlinger